**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANTHONY PIANTIERI,

Plaintiff,

-against-

UNITED FEDERATION OF TEACHERS and MICHAEL MULGREW,

Defendants.

Civil Action No.: 1:23-CV-09376 (MMG)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THOMPSON COBURN LLP**
Elizabeth E. DiMichele
488 Madison Avenue
New York, NY 10022
212.478.7200
edimichele@thompsoncoburn.com

– and –

Beth A. Norton
United Federation of Teachers
52 Broadway
New York, New York
212.704.9420
bnorton@uft.org

*Co-Counsel for Defendants United Federation of Teachers and Michael Mulgrew*

# TABLE OF CONTENTS


**Page**

PRELIMINARY STATEMENT ........................................................................ 1

REPLY ARGUMENT ................................................................................... 2

I. Facts in Defendants' Rule 56.1 Statement Are Deemed Admitted, as Plaintiff Failed To Proffer Opposing Evidence. ........................................... 2

II. Defendants Are Entitled to Summary Judgment Dismissing Plaintiff's Religious Discrimination Claims Under Title VII and the NYCHRL........... 5

A. Plaintiff has offered no admissible evidence that he was treated less well than similarly situated employees because of his religion. ........................................................................... 5

B. Mulgrew is entitled to summary judgment dismissing Plaintiff's NYCHRL claims. ....................................................................... 7

C. The UFT is Entitled to Summary Judgment Dismissing Plaintiff's Failure to Accommodate Claims Under Title VII and the NYCHRL ....................................................................... 8

1. Plaintiff's focus on the availability of a reasonable accommodation is misplaced because he was not entitled to such an accommodation. .................................................. 8

2. Plaintiff's attempt to resurrect the laundry list of alleged religious objections to the COVID-19 vaccine that he failed to pursue highlights the insufficiency of the only objection that was alleged in the Complaint......................... 10

3. *Kane v. de Blasio* is not applicable to this case........................ 11

4. Plaintiff's attempt to distinguish *Gardner-Alfred* fails. ............. 11

CONCLUSION ........................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almodovar v. City of New York*, 82 Misc. 3d 1235(A) (Sup. Ct., N.Y. Cty. 2024)..................... 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)............................................................ 2

*Aukamp-Corcoran v. Lancaster General Hospital*, Civil Action No. 19-5734, 2022 WL 507479 (E.D. Pa. Feb. 18, 2022)..........................................................................10

*Bickerstaff v. Vassar Coll.*, 196 F.3d 435 (2d Cir. 1999)............................................................ 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................................... 2

*Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450 (2021) ........................................................................ 7

*Gardner-Alfred v. Federal Res. Bank of N.Y.*, 143 F.4th 51 (2d Cir. 2025)...................... 9, 10, 11

*Hicks v. Baines*, 593 F.3d 159 (2d Cir. 2010)........................................................................2, 3

*Int'l Soc'y for Krishna Consciousness, Inc. v. Barber*, 650 F.2d 430 (2d Cir. 1981)....................10

*Kane v. de Blasio*, 19 F.4th 152 (2d Cir. 2021) ........................................................................11

*Kueh v.* New *York and Presb. Hosp.*, No. 23-cv-666 (VSB), 2024 WL 488172 (S.D.N.Y.)................................................................................................................ 5

*Mack v. U.S.*, 814 F.2d 120 (2d Cir. 1987) ............................................................................... 4

*Makhnevich v. Bougopoulos*, 650 F. Supp. 3d 8 (E.D.N.Y. 2023), *affirmed sub nom, Makhnevich v. Novick Edelstein Pomerantz PC*, No. 23-202-CV, 2024 WL 2207061 (2d Cir. May 16, 2024)...................................................................................... 2

*Matos v. Discovery Comms., LLC*, 750 F.Supp.3d 307 (S.D.N.Y. 2024)................................. 9

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000) ................................................ 4

*Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572 (2d Cir. 1969)........................ 4

*Potash v. Fla. Union Free Sch. Dist.*, 972 F. Supp. 2d 557 (S.D.N.Y. 2013) ........................... 6

**Statutes and Constitutional Provisions**

42 U.S.C. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964)............................. 1, 5, 8

N.Y.C. Admin. Code § 8-107 (2024) (New York City Human Rights Law)............ 1, 5, 7, 8

**Rules**

Fed. R. Civ. P. 56 .......... 1

S.D.N.Y. Local Civ. R. 56.1 .......... 1

Defendants,[1] by their attorneys, Thompson Coburn LLP, submit this Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment, pursuant to Rule 56 of the FRCP, the Local Rules for the United States District Court for the Southern District of New York, and the rules of this Court.

## PRELIMINARY STATEMENT

Defendants' motion for summary judgment should be granted because Plaintiff has failed to identify facts establishing a genuine issue requiring otherwise. Plaintiff's testimony that he believes abortion is murder and a mortal sin, and his work at Planned Parenthood, among other things, are so contradictory that no reasonable juror could find that he has a sincerely held religious belief that conflicts with the UFT COVID-19 Vaccine Policy.

Faced with Defendants' evidence supporting dismissal, Plaintiff attempts to salvage his claims with conclusory assertions, speculation, and mischaracterization of the evidence. Plaintiff has admitted virtually all of the material facts established by Defendants, either explicitly or by failing to offer any contrary evidence in his Response to Defendants' Local Rule 56.1 Statement of Material Facts ("Rule 56.1 Response"). There, and in the declaration submitted by Plaintiff (the "Piantieri Declaration") he improperly attempts to create an issue of fact by contradicting his deposition testimony. Further, Plaintiff has not offered any argument opposing Defendants' motion to dismiss his disparate treatment claims under Title VII and the NYCHRL.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in Defendants' Memorandum of Law in Support of Motion for Summary Judgment to Dismiss the Complaint, filed October 31, 2025 ("Memo in Support").

Plaintiff argues that because he asserts a religious reason for refusing to receive the COVID-19 vaccine, he is unquestionably entitled to a jury trial on his claims. That is not the law and Plaintiff's conclusory assertions to the contrary cannot avoid dismissal.

## <u>REPLY ARGUMENT</u>

### I. Facts in Defendants' Rule 56.1 Statement Are Deemed Admitted, as Plaintiff Failed To Proffer Opposing Evidence.

Plaintiff concedes that "few relevant facts are in dispute" (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opp. Memo") Dkt. 54. at 3) and by failing to properly contest facts in Defendants' Local Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement"), Plaintiff admits those facts as well.

To raise a genuine issue of fact, Plaintiff must present evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). "Mere conclusory allegations or denials ... cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010), *citing Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). " . . . [A] party cannot create a triable issue of fact merely by stating in an affidavit the very proposition they are trying to prove." *Hicks,* 593 F.3d at 167. Nor may Plaintiff simply rely on his pleadings to withstand summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Makhnevich v. Bougopoulos*, 650 F. Supp. 3d 8, 21 (E.D.N.Y. 2023), aff'd sub nom. *Makhnevich v. Novick Edelstein Pomerantz PC*, No. 23-202-CV, 2024 WL 2207061 (2d Cir. May 16, 2024).

Under these well-established standards, at least fifteen paragraphs of Defendants' Rule 56.1 Statement are deemed admitted because Plaintiff's bare denials either fail to cite to any facts in the record (¶¶ 19, 25, 44, 54, 59, 60, 68, 70, 76, 77, and 79), rely on unsupported

speculation (¶¶ 26, 27, 76, and 77), or are contradicted by the evidence (¶ 51). Nor is Plaintiff's conjecture that he "strongly believes that [his] religious accommodation request was denied because [he] was Catholic" (Dkt. 53, Piantieri Dec. ¶ 12) or false statement that there is "no dispute that [he] had bona fide religious beliefs that conflicted with the UFT's vaccine requirement" (*Id.*, ¶ 17) sufficient to overcome summary judgment. The Second Circuit rejects such attempts to create an issue of fact by stating the very proposition Plaintiff is trying to prove. *Hicks*, 593 F.3d at 167. It is particularly futile here because Plaintiff cannot deny that a Catholic UFT employee was granted an exemption to the UFT COVID-19 Vaccine Policy by Mr. Peek. (Dkt. 45, LeCoz Dec. ¶6; Dkt. 52, Rule 56.1 Response ¶ 76).

Moreover, Plaintiff cannot create an issue of fact by submitting a declaration contradicting his prior deposition testimony, such as when he states that he "was told by Defendant Mulgrew that all Catholics would be denied religious accommodations." (Dkt. 53, Piantieri Dec. ¶10.) Plaintiff's sworn deposition testimony states otherwise. The Charge of Discrimination sworn to and submitted by Plaintiff to the EEOC reads: "Mr. Mulgrew openly admitted to me that no Catholic Christian member is getting a religious exemption,". In response to questioning about that allegation, Plaintiff testified:

> A. . . . **that's exactly what he had said. . . . I remember it like it was yesterday**.
> Q. No member?
> A. Yeah.
> Q. And did the UFT make decisions about which members got exemptions?
> A. What do you mean by member?
> Q. You wrote member.
> A. Yeah.
> Q. What do you mean by member?
> A. So, I believe – I don't know what he meant by member, right? But I believe it could have been anything from a UFT member, right? The teachers that we represent or anybody that we represent as a union, or it could also be any staff member.

> Q. You think that the president of the union would have said the word "member" and been referring to a nonmember?
> A. What's a nonmember?
> Q. Staff.
> A. Yes.
> Q. . . . So you don't really know what he was saying there, then?
> A. No.

(Dkt. 43, DiMichele Dec., Ex. A, Piantieri Tr. 70:14-71:24.)

The Mulgrew Declaration is clear that Mulgrew told Plaintiff that the DOE was denying exemptions to the DOE's vaccine policy for Catholic UFT members. (Dkt. 44, Mulgrew Dec. ¶ 28.) Summary judgment cannot be defeated by changing Plaintiff's testimony regarding what Mulgrew said, or based on Plaintiff's speculation about what he meant.[2]

Deposition testimony cannot be contradicted by an affidavit submitted to defeat a motion for summary judgment. "It is well settled . . . that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." *Mack v. U.S.*, 814 F.2d 120, 124 (2d Cir. 1987) (affirming grant of summary judgment, disregarding contradictory affidavit, and collecting cases). *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969); *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000).

---

[2] Likewise, Plaintiff attempts to disavow his testimony that "after he got the denial letter" David Hickey, the UFT's former CFO "came into [Plaintiff's] office and wanted to see if there is anything that he could do to help [Plaintiff's] situation . . ." (Dkt. 43, DiMichele Dec., Ex. A, Piantieri Tr. 75:25-76:7) by simply denying the statement in his Rule 56.1 Response at ¶ 69, without reference to any support in the record.

## II. Defendants Are Entitled to Summary Judgment Dismissing Plaintiff's Religious Discrimination Claims Under Title VII and the NYCHRL

Plaintiff fails to address Defendants' argument in Section I of the Memo in Support that Plaintiff's disparate treatment claims under Title VII or the NYCHRL[3] must be dismissed. Summary judgment should be granted for this reason alone.

### A. Plaintiff has offered no admissible evidence that he was treated less well than similarly situated employees because of his religion.

Even if Plaintiff has not abandoned his disparate treatment claims, he fails to raise a triable issue of fact showing that he was treated less favorably than other employees under circumstances giving rise to discrimination, as he must to survive summary judgment.[4] *Almodovar v. City of New York*, 82 Misc. 3d 1235(A) at *5 (Sup. Ct., N.Y. Cty. 2024), amended on reargument, 83 Misc. 3d 1271(A), (2024), *citing Herrington v. Metro-North Commuter R. Co.*, 118 A.D.3d 544, 544 (1st Dep't 2014).

Plaintiff has the burden to produce evidence establishing Defendants' discriminatory motive, which he has utterly failed to do. *Kueh v.* New *York and Presb. Hosp.*, No. 23-cv-666 (VSB), 2024 WL 488172 at *4 (S.D.N.Y.). Plaintiff's "strong belief" that he did not receive an exemption to the UFT COVID-19 Vaccine Policy because he is Catholic (Dkt. 53, Piantieri Dec. ¶ 12) is insufficient to carry this burden. Nor is Plaintiff's unsupported allegations that non-religious employees were treated better than him based on unidentified conversations with unidentified individuals sufficient. (Dkt. 43, DiMichele Ex. A, Piantieri Tr. 62:23-64:20; 241:10-20.)

---

[3] Plaintiff's Opposition Memo also refers to claims under the New York State Human Rights Law ("NYSHRL") however the Complaint does not allege any NYSHRL claims.

[4] Defendants respectfully refer the Court to Section I of the Memo in Support (Dkt. 42) for a full discussion of Plaintiff's disparate treatment claims.

Plaintiff never told anyone at the UFT that he believed he was being harassed or discriminated against. (Dkt. 52, Rule 56.1 Response ¶ 68.) Plaintiff also cannot identify any unvaccinated UFT employee that remained employed and worked remotely, defeating his claims of discrimination. (*Id.* at ¶ ¶73-75.) As discussed in Section I.A.1 of the Memo in Support, a plaintiff cannot prevail on a claim of religious discrimination where their employment is terminated for failure to comply with a generally applicable vaccination requirement where the plaintiff, like Plaintiff here, fails to identify anyone that was treated more favorably.

By contrast, Defendants have established that a Catholic UFT employee was granted a religious exemption to the COVID-19 Vaccine Policy. (Dkt. 52, Rule 56.1 Response, ¶ 76.) Further, the UFT fought to secure its members' right to seek a religious exemption from the DOE mandate, undermining any claim of religious animus. (*Id.* at ¶¶ 13-17.) Plaintiff even admits that Mulgrew tried to keep him on board, and that up until his last day of employment, no one at the UFT wanted him to leave. (*Id.* at ¶ 69.)

In short, Plaintiff testified as to the ways that the UFT valued him, while simultaneously contending that he was treated less well than other unidentified employees in ways that he cannot specify. Plaintiff's contradictory and unsupported allegations of disparate treatment cannot defeat summary judgment. *Potash v. Fla. Union Free Sch. Dist.*, 972 F. Supp. 2d 557, 592–93 (S.D.N.Y. 2013), *citing Mixon v. Buffalo Medical Group, P.C.*, 10 Civ. 1043(SR), 2013 WL 597594, at *6 (W.D.N.Y. Jan. 28, 2013); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999)).

B. **Mulgrew is entitled to summary judgment dismissing Plaintiff's NYCHRL claims.**

Plaintiff's attempt to assert a claim of religious discrimination against Mulgrew under the NYCHRL, which he fails to address in the Opposition Memo, must fail for all the reasons set forth in Section I.B. of the Memo in Support. *See Doe v. Bloomberg, L.P.*, 36 N.Y.3d 450, 458-59 (2021). Plaintiff's specious claim against Mulgrew is based on allegations that Mulgrew (i) mocked or denigrated Plaintiff's religion by offering to put Plaintiff in touch with doctors who could explain the mRNA vaccines, (ii) reported that no Catholic Christian members were getting exemptions from the DOE vaccine policy, and (iii) rejected accommodations without any dialogue or discussion. (Dkt. 1, ¶¶ 22, 23, and 29.)

Plaintiff's own testimony refutes that Mulgrew had any discriminatory motive. Plaintiff admits that when Mulgrew offered to put him in touch with doctors, they did not discuss Plaintiff's religious beliefs. (Dkt. 43, DiMichele Ex. A, Piantieri Tr. 204:24-205:10.). Further, as discussed in detail above and in the Mulgrew Declaration, Mulgrew was referring to the DOE's denial of religious exemptions to their Catholic Christian employees, who are members of the UFT. (Dkt. 44, Mulgrew Dec. ¶¶ 24 & 28.) Plaintiff admits that he did not understand Mulgrew's statement. (Dkt. 43, DiMichele Dec. Ex. A, Piantieri Tr. 70:14-72:19.) Plaintiff's deposition testimony directly contradicts the allegation that Mulgrew rejected all accommodations without any discussion:

> Q. … So how many conversations did you have with Mr. Mulgrew?
> A. At least three.
> * * *
> Q. Can you explain to me to the best of your recollection, what was said during those conversations?
> A. Sure. **We talked about him wanting to keep me on board** and him trying to convince me to get the vaccination. . . .
> * * *

> I mean he talked about that he could put me in contact with any doctor that would explain to me the science behind it. He also tried to explain the science behind it to me.
> **And – then we talked a lot about accommodations, right**? . . .

(*Id.*, Piantieri Tr. 57:14-58:9.)(emphasis added.) In fact, Plaintiff admits that Mulgrew initially filled Plaintiff's position on an interim basis, and told Plaintiff to call him if things changed, further undermining any claim that Mulgrew had discriminatory animus toward Plaintiff. (Dkt.52, Rule 56.1 Response ¶¶ 71-72.)

Plaintiff offers no evidence that Mulgrew engaged in discrimination, and Defendants have supplied undisputed evidence that he did not. There is no basis upon which a rational juror could find that Mulgrew engaged in discrimination and summary judgment should be granted.

### C. The UFT is Entitled to Summary Judgment Dismissing Plaintiff's Failure to Accommodate Claims Under Title VII and the NYCHRL

Plaintiff has failed to establish a triable issue of fact regarding the sincerity of his religious beliefs and their conflict with the UFT COVID-19 Vaccine Policy. Defendants are accordingly entitled to summary judgment on these claims. Incredibly, Plaintiff falsely asserts that "[t]here is no dispute that [he] had bona fide religious beliefs that conflicted with UFT's vaccine requirements" (Dkt. 53, Piantieri Dec. ¶ 17). Of course, Defendants have presented proof establishing that Plaintiff did not have bona fide religious beliefs in conflict with the UFT Vaccine Policy.

#### 1. Plaintiff's focus on the availability of a reasonable accommodation is misplaced because he was not entitled to such an accommodation.

Flowing from the false premise that he established the sincerity of his religious beliefs that conflict with taking the COVID-19 vaccine, Plaintiff addresses the availability of an accommodation for a person who was exempt from the vaccine requirement and the

interactive process to identify such accommodation. This argument is misplaced and the case law he relies upon is inapplicable. Plaintiff is only entitled to reasonable accommodation if he first establishes a sincerely held religious belief that conflicts with an employment policy, which he has failed to do. *EEOC v. Union Independiente de la Autiridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 55-56 (1st Cir. 2002).

Plaintiff conflates the concepts of the *legitimacy* of a particular belief, with an individual's *sincerity* in holding that belief. Defendants do not suggest that an individual cannot have a bona fide religious objection to the COVID-19 vaccine based upon opposition to abortion, as Plaintiff implies by citing inapposite cases, in different procedural postures, and in some cases, dissenting opinions. (Dkt. 54, Opp. Mem. at 9-10.) Rather, Defendants have submitted evidence that Plaintiff specifically does not have a sincerely held religious objection to abortion that conflicts with the UFT COVID-19 Vaccine Policy.

As discussed in the Memo in Support at I.C., Plaintiff has the burden of showing both that his beliefs are religious, and that they are sincerely held. *Gardner-Alfred v. Federal Res. Bank of N.Y.*, 143 F.4th 51, 63, 70 (2d Cir. 2025); *see also Matos v. Discovery Comms., LLC*, 750 F.Supp.3d 307, 319 (S.D.N.Y. 2024). Plaintiff fails on both counts, as evidenced by the facts in the record, including that:

- As a senior executive of Planned Parenthood, Plaintiff supported its mission, which included performing almost one million abortions during the years of Plaintiff's employment, despite that he claims to believe that abortion is murder and a mortal sin. (Dkt. 43, DiMichele Dec. ¶¶ 9-11, Exhs. G-I; Piantieri Tr. 54:2-11; 114:2-3.)
- Plaintiff's next employer, AccessMatters, provides referrals to providers who perform abortions. (*Id.* ¶ 12 Ex. J.)[5]

[5] Plaintiff has denied this in the Rule 56.1 Response (Dkt. 52, ¶ 59), he fails to offer evidence that contradicts the AccessMatters website information, explicitly stating that AccessMatters provides referrals for abortion care. (Dkt. 43, DiMichele Dec. ¶ 12 Ex. J.)

- Plaintiff sought guidance from secular sources, such as lawyers known for challenging vaccine requirements, and a scientist, who was identified as spreading vaccine misinformation. (Dkt. 52, Rule 56.1 Response, ¶¶ 30, 36, 65.)
- Plaintiff did not consult any spiritual advisor or healthcare provider with religious affiliation in formulating his objection to the UFT COVID-19 Vaccine Policy. (*Id.* at 36; Dkt. 43, DiMichele Ex. A, Piantieri Tr. 211:1-11.)

Where, as here, no reasonable jury could find that plaintiff had a sincerely held religious belief that prevents him from complying with an employer's policy, summary judgment for the employer is warranted. *Gardner-Alfred*, 143 F.4th at 67; *Aukamp-Corcoran v. Lancaster General Hospital*, Civil Action No. 19-5734, 2022 WL 507479 at *4 (E.D. Pa. Feb. 18, 2022). A belief is not "sincere" if the individual acts in a manner "inconsistent with that belief . . . or if there is evidence that the adherent materially gains by fraudulently hiding secular interests behind the veil of religious doctrine." *Int'l Soc'y for Krishna Consciousness, Inc. v. Barber*, 650 F.2d 430, 441 (2d Cir. 1981). Here, Plaintiff has created a "sham" issue of fact because the contradictions in his testimony are inescapable. *Gardner-Alfred*, 143 F.4th at 68, *citing Bentley v. AutoZoners, LLC,* 935 F.3d 76, 86 (2d Cir. 2019).

2. Plaintiff's attempt to resurrect the laundry list of alleged religious objections to the COVID-19 vaccine that he failed to pursue highlights <u>the insufficiency of the only objection that was alleged in the Complaint</u>.

Plaintiff argues that Defendants ignored the other bases for his alleged objections to the COVID-19 Vaccine, but it is Plaintiff that cast the objections to the side until it became obvious that the objection to abortion is not viable for him. The Request took a "kitchen sink" approach, listing multiple alleged objections to the COVID-19 vaccines. When he spoke to Mulgrew and the arbitrator, however, Plaintiff raised only his objection to abortion and the mRNA technology. In the Complaint, Plaintiff winnowed his objections down to the use of aborted fetal cells in the production of the vaccines, (Dkt. 1, ¶¶ 6-7 and 19-20), without identifying any other objection and making only passing reference to his request. (Dkt. 1,

¶18). Now, faced with the contradictions of his testimony and conduct, Plaintiff resorts to reliance on the abandoned reasons in the Request in a last ditch attempt to avoid dismissal.

3. *Kane v. de Blasio* is not applicable to this case.

*Kane v. de Blasio*, 19 F.4th 152, at 168 (2d Cir. 2021) does not hold that the standards applied to Plaintiff's Request were unconstitutional or that Plaintiff was entitled to review of his request by a central citywide panel. *Kane* involved claims by DOE employees who were denied exemptions to the DOE vaccine requirement pursuant to the terms of the Award. But, Plaintiff was an employee of the UFT (Dkt. 53, Piantieri Dec. ¶2), not the DOE. The Award applied only to DOE employees and the citywide panel did not hear appeals from employees of private entities, like the UFT. (Dkt. 44, Mulgrew Dec. ¶6.)

Moreover, the UFT COVID-19 Vaccine Policy was not identical to the DOE vaccine policy. (Dkt. 44, Mulgrew Dec. ¶¶ 13, 17-18.) The Award provided for denial of an exemption if the leader of the religion to which the requestor belongs supported vaccination. But, arbitrator Peek, knowing that Plaintiff is Catholic and that the Pope supports vaccination, did not outright deny Plaintiff's request. Rather, he adjourned the hearing to permit Plaintiff, at his option, to obtain a letter from his priest in support of the Request. When Plaintiff changed his mind and reported back to Peek that he would not be obtaining the letter, Peek proceeded to consider his request. In fact, Peek granted an exemption to a Catholic UFT employee, despite the Pope's support for vaccination. Plaintiff's references to *Kane* is a red herring meant to distract from the deficiencies of his claims.

4. Plaintiff's attempt to distinguish *Gardner-Alfred* fails.

Plaintiff's attempt to distinguish himself from plaintiff Gardner-Alfred in *Gardner-Alfred*, 143 F.4th 51 is unavailing. It is of no consequence that certain of the specifics differ.

What is determinative is that each plaintiff relies almost exclusively on their own testimony to attempt to create a triable issue of fact, and that their respective testimonies are irreconcilably contradictory, such that no reasonable juror could find in favor of either of them. Under those circumstances, the Second Circuit instructs, summary judgment in favor of the employer should be granted. *Id.*

## CONCLUSION

For all of the foregoing reasons, and those set forth in Defendants' prior submissions in support of Defendants' Motion for Summary Judgment and the exhibits thereto, Defendants respectfully request that this Court grant Defendants' Motion for Summary Judgment, dismiss Plaintiff's Complaint in its entirety, and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 23, 2026

**THOMPSON COBURN LLP**

By: /s/ *Elizabeth E. DiMichele*
Elizabeth E. DiMichele
Thompson Coburn LLP
488 Madison Avenue
New York, NY 10022
212.478.7200
edimichele@thompsoncoburn.com

– and –

Beth A. Norton
United Federation of Teachers
52 Broadway
New York, New York
212.701.9420
bnorton@uft.org

*Co-Counsel for Defendants United Federation of Teachers and Michael Mulgrew*

## CERTIFICATION OF WORD COUNT

I hereby certify that the word count of this Memorandum of Law complies with the word limits of this Court's Individual Rules. According to the word-processing system used to prepare this Reply Memorandum of Law, the total word count for all printed text exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate is 3,500 words.

Dated: New York, New York
January 23, 2026

/s/ *Elizabeth E. DiMichele*
Elizabeth E. DiMichele